No. 9614.

CITY OF NEW ORLEANS VS. J. MULÉ.

Under Article 206 of the Constitution, the power granted "to levy a license tax" is discretionary and not mandatory. The State or city may abstain from taxing, or may exempt from license, any occupation or calling, subject to the restriction that, if a particular calling is taxed, the tax must conform to the constitutional rules.

The contrary rule with regard to property taxation results from the provision of Article 203, that "*all* property *shall* be taxed according to its value," and of Article 207, "the following property shall be exempt from taxation, *and no other.*"

There are no equivalent constitutional provisions relative to license taxation, requiring *all* occupations or *all* persons pursuing any occupation to be taxed, or declaring that *no other* than certain occupations shall be exempted.

Hence, the city has the right to abstain from taxing, or to exempt, any particular calling or business, and, having by the terms of her ordinance expressly exempted the business of defendant, there is no legislative authority for collecting such tax, and the city's demand must be rejected.

APPEAL from the First City Court of New Orleans.
Rozier, J.

---

*Walter H. Rogers,* City Attorney, and *Branch K. Miller,* Assistant City Attorney, for Plaintiff and Appellee.

New Orleans vs. Mülé.

*B. R. Forman* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J.  Our jurisdiction arises under that clause of Article 81 of the Constitution which extends it to "all cases in which the constitutionality or legality of any tax, toll or impost  *  *  *  imposed by a municipal corporation shall be in contestation."

The fifth section of the City Ordinance No. 1048, imposes a license tax upon "wholesale mercantile business," and also upon "every business of selling at retail," said license graduated in classes according to gross amount of annual sales."  The section, however, contains the following proviso :

" Provided, that butchers, fish dealers, vegetable vendors and others occupying stalls or stands in any of the public markets belonging to the city are exempt from the operations of this ordinance, so far as the business carried on in the market is concerned."

Although the city judicially admits that defendant is a " butcher occupying a stall in a public market belonging to the city," yet, in the teeth of the prohibition just quoted, she claims in this suit a license tax on that very business.

Amongst other defenses, defendant opposes this clause of the ordinance as a bar to the action, and we consider it conclusive.

The language of the clause establishes beyond controversy that the city has not imposed, or intended to impose, any license tax on the business pursued by defendant.   Hence, there is no legislative authority for the collection of such a tax.   State vs. Forman.

The terms of Article 206 of the Constitution leave no doubt that the power to "levy a license tax" conferred upon the General Assembly, or the like power delegated by the latter to political corporations, is discretionary and not mandatory, and that the Assembly or corporation may validly abstain from imposing a license tax upon all callings or upon any particular calling, subject only to the restriction that if any particular calling is taxed, the tax must conform to the constitutional rule.   Hence, any calling may be exempted from license taxation.

The contrary rule with regard to property taxation results from the language of Article 203, that *"all* property *shall* be taxed according to its value," and of Article 207, " the following property shall be exempt from taxation, *and no other*."  Hence, it follows that legislative exemptions of property from taxation are null and void, because violating the Constitution.   But there are no equivalent constitutional provisions touching license taxation.   The Constitution nowhere says that *all* oc-

cupations shall be taxed, nor does it say that *no other* than certain ones named shall be exempted. It contents itself with saying that "the General Assembly *may* levy a license tax," and that "all persons, etc., *may* be rendered liable to such tax, except" certain persons and occupations named in Articles 206 and 207.

We, therefore, hold that the city has the right to exempt any calling from license and to abstain from taxing it, and that she has so exempted the defendant. Whether butchers, fish dealers, etc., pursuing their occupation elsewhere than in the public markets may resist the payment of any license which may be demanded from them under this ordinance, is a question not before us.

We content ourselves with saying that the legislative authority of the city has imposed no license tax on defendant, and, therefore, it cannot be recovered.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that the demand of the city of New Orleans be rejected at her cost in both courts.